THE STATE, EX REL. BARTLETT, APPELLANT, *v.* LUDEMAN, JUDGE; WILEY, JUDGE, APPELLEE.

[Cite as State, ex rel. Bartlett, v. Ludeman (1970), 24 Ohio St. 2d 156.]

(No. 70-266—Decided December 23, 1970.)

*Mr. Kelsey D. Bartlett, in propria persona.*
*Messrs. Boggs, Boggs & Boggs,* for appellee.

*Per Curiam.* Since no appeal was filed by or on behalf of Judge Ludeman, we are not concerned in this appeal with the question of whether the Court of Appeals erred in directing him to appoint an official court reporter.*

The single issue raised by this appeal is whether the Court of Appeals erred in dismissing Judge Wiley from the action. We think it clear that it did not.

The order directed to Judge Ludeman complied with relator's specific request. His only request as to action on the part of Judge Wiley was that Wiley be directed to supply a court reporter "until such time as one has been appointed."

Furthermore, an examination of R. C. 2301.18, along with R. C. 2301.19, discloses that the Common Pleas Court, within the purview of those statutes, appoints but one "official shorthand reporter," and that, "as the business of the court requires," it may also appoint "assistant shorthand reporters."

The assertion of relator that the modification of the original order by the Court of Appeals on motion of Judge Wiley was "both illegal and void" because Judge Wiley was represented by private counsel, involving no public expense, is patently without merit.

---

*The brief of appellee asserts that since R. C. 2101.01, as amended effective November 19, 1969, provides that "as used in the Revised Code * * * 'Probate Judge' means the judge of the Court of Common Pleas who is judge of the probate division," it would appear that R. C. 2101.08, providing that the "probate judge" *may* appoint, is still in force and effect and that, by virtue of this statute, no *mandatory* duty exists requiring such appointment.

The appeal herein is dismissed at the costs of the relator.

*Appeal dismissed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

